J-S63027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON S. BAKER | |
| Appellant | No. 320 WDA 2017 |

Appeal from the PCRA Order Dated December 7, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000481-2015
CP-56-CR-0000639-2006

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 26, 2017**

Appellant Brandon S. Baker appeals from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in two separate cases, Docket Number CP-56-CR-0000639-2006 and Docket Number CP-56-CR-0000481-2015. Appellant's counsel also filed a **Turner**/**Finley**[1] petition to withdraw and Appellant has filed a *pro se* "Emergency Petition for the 'Writ of Habeas Corpus.'" The appeal from the order at Docket No. 639-06 is quashed. For Docket No. 481-15, after careful review, we deny counsel's petition to withdraw and order counsel to file an advocate's brief or a new **Turner**/**Finley** brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days after service of the brief from Appellant's counsel.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Additionally, we forward Appellant's "Emergency Petition for the 'Writ of Habeas Corpus'" to counsel for further action.

On March 6, 2007, at Docket No. 639-06, Appellant pleaded guilty to driving under the influence ("DUI") of alcohol in violation of Section 3802(c) of the Vehicle Code (highest rate of alcohol, blood alcohol concentration ("BAC") of 0.16% or higher, second offense). *See* 75 Pa. C.S. 3802(c). On May 3, 2007, Appellant was sentenced to confinement for four months to five years. N.T., 5/3/07, at 11.[2] On July 8, 2015, Appellant's parole was revoked, and he was ordered "to serve the balance of his sentence." Order, 7/8/15, at 1.

For Docket No. 481-15, we adopt the facts and procedural history as described by the PCRA court:

> The record reflects that [Appellant] entered a negotiated plea of guilty to one count of Driving Under the Influence, a fourth offense under 75 Pa. C. S. A. § 3802(a)(1) with a refusal to undergo blood alcohol testing, graded as a misdemeanor of the first degree. On January 7, 2016, he was sentenced to serve not less than 12 months nor more than 5 years in a State Correctional Institution. In addition, because this was [Appellant]'s third offense, his sentence included a mandatory minimum sentence of one year incarceration pursuant to 75 Pa. C. S. A. § 3803(b)(2). No post sentence motions or appeal were filed.

PCRA Ct. Mem., 12/27/16, at 1 (not paginated).

On August 4, 2016, Appellant, acting *pro se*, filed a PCRA petition that listed both Docket Nos. 639-06 and 481-15. In that petition, for Docket No.

_____

[2] Appellant was also sentenced on two additional DUIs, all on separate dockets, on that date.

- 2 -

481-15, Appellant contended that he was entitled to relief because police "did not obtain a search warrant . . . to draw blood from a person[']s body for the level of BAC in a conviction" and should not have obtained his "medical records [without] consent and[/]or order of the court." *Pro se* PCRA Pet., 8/4/16, at 2 (not paginated). Appellant continued that he "in fact had a right to refuse under the 4th Amendment," citing to **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016). *Pro se* PCRA Pet., 8/4/16, at 3.[3] Appellant also argued that his "medical records are protected by federal and state regulations," specifically the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and "PA code 255, Pa code 257, and Act 63." *Id.* Appellant further alleged "[e]rrors" in "sentencing," including that he received "[e]nhanced penalties for refusal" at both Docket Nos. 639-06 and 481-15. *Id.* at 2-4. Finally, he requested "[d]iscovery information" for Docket No. 481-15. *Id.* at 4.

On August 9, 2016, the PCRA court appointed private counsel, Megan Will, Esquire, to represent Appellant for the cases at both docket numbers. Order, 8/9/16, at 1. PCRA counsel did not file an amended PCRA petition for either case.

---

[3] Although Appellant's *pro se* PCRA petition never specifically named **Birchfield v. North Dakota**, he cited to United State Supreme Court docket numbers 14-1468, 14-1470, and 14-1507, which were the docket numbers for **Birchfield** and the two other cases consolidated with **Birchfield**, and he included the date **Birchfield** was decided, June 23, 2016. *Pro se* PCRA Pet., 8/4/16, at 3, 5.

- 3 -

On November 29, 2016, the PCRA court denied relief for the claim Appellant raised regarding Docket No. 639-06. The court served this order on PCRA counsel, who did not file a notice of appeal.

Following a hearing on the PCRA petition for Docket No. 481-15, the PCRA court "took the matter under advisement[.]" PCRA Ct. Mem., 12/27/16, at 2. On December 27, 2016, the PCRA court dismissed the PCRA petition for Docket No. 481-15 and filed a memorandum in support of its order. Based upon the copies of that December 27, 2016 order and the docket in the certified record, it appears that PCRA counsel was not served with the December 27, 2016, order, although a copy apparently was mailed to Appellant on December 29, 2016.[4] PCRA counsel never filed a notice of appeal.

On December 29, 2016, Appellant mailed a letter to the Clerk of Courts asking for an update on Docket No. 481-15. On January 3, 2016, the Clerk of Courts sent Appellant a copy of the docket and a "court summary" for Docket No. 481-15. Service is shown on both the docket and in a

_____

[4] The docket states that copies of the PCRA court's memorandum and order were served on "Somerset County Adult Probation Unit," "Somerset County District Attorney's Office," "Somerset County Prison," "Somerset County Public Defender's Office," and "Baker, Brandon Scott Sr." All of these recipients are listed as served via interoffice mail, except for "Baker, Brandon Scott Sr.," who is listed as having been served via first class mail. The docket does not state that the memorandum and order were served on Appellant's PCRA counsel, who was private counsel and not an attorney with the public defender's office.

handwritten note on the bottom of the Clerk's letter, but the record does not reflect service on Appellant's counsel.

On February 7, 2017, Appellant filed this appeal. Appellant's *pro se* notice of appeal listed both Docket Nos. 639-06 and 481-15.

Subsequently, Appellant filed a *pro se* petition for an extension of time to file a brief and for appointment of counsel. On March 23, 2017, this Court entered the following order:

> AND NOW, upon consideration of Appellant Baker's *pro se* March 17, 2017 "Petition for Extension of time to File Brief and Appointed Counsel," and upon review of the lower court docket noting Megan E. Will, Esquire, was appointed to represent Appellant on August 9, 2016, and as there is no indication that counsel was granted permission to withdraw, the following is hereby **ORDERED**: the record is **REMANDED** to the trial court for a period of time not to exceed thirty (30) days during which time the trial court shall make a determination as to the status of Appellant's counsel. If Appellant has counsel, then counsel shall enter her appearance in this Court forthwith. If Appellant is not currently represented by counsel, but is entitled to the appointment of counsel, the trial court shall appoint counsel. The lower court shall notify this Court, within thirty days, of any actions taken thereon. The briefing schedule is **SUSPENDED** and a new briefing schedule shall be set upon the return of the record to this Court. Jurisdiction of this Court is **RETAINED**.

Order, 3/23/17 (emphasis in original).

On April 11, 2017, the PCRA court "determined that Ms. Will has not withdrawn her representation, and therefore she continues to represent [Appellant] on the record." Order, 4/11/17, at 2.

On May 3, 2017, at 9:41 A.M., Appellant, *pro se*, filed a Pa.R.A.P. 1925(b) statement raising seventeen issues, some of which were substantially identical to each other. Some of these issues were not raised

in his PCRA petition.  Some issues related only to his case at Docket No. 639-06.  Later that morning, at 11:20 A.M., PCRA counsel filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), raising the following issues:

Whether the [PCRA c]ourt was incorrect that:

1. The Appellant's privacy rights were violated, as enumerated under the Health Insurance Portability and Accountability Act of 1996 when his medical records were sent without his consent to the Commonwealth of Pennsylvania to aid in his prosecution.

2. The Appellant was illegally sentenced in the aforementioned cases.

On May 8, 2017, PCRA counsel filed a **Turner**/**Finley** letter and brief with this Court, along with a motion to withdraw as counsel.[5]  This counseled brief to this Court raised the following issue:

Whether the [PCRA] court's findings concerning Appellant's [PCRA] petition were supported by the record, such that the [PCRA] court's legal conclusions that Appellant was not illegally sentenced and his rights of privacy were not violated were appropriate.

**Turner**/**Finley** Brief at 7.  Except for a bald heading that "the [PCRA] court's dismissal of Appellant's PCRA was not supported by the record as Appellant was illegally sentenced and his rights of privacy under HIPAA were violated," the **Turner**/**Finley** brief cites no legal authority and merely argues why counsel believes Appellant's PCRA petition to be frivolous:

---

[5] Counsel's **Turner**/**Finley** brief attached counsel's Rule 1925(b) statement and pro se Appellant's Rule 1925(b) statement, which suggests counsel was aware of the issues Appellant wished to raise on appeal.

> [Appellant]'s sentence falls within the standard guidelines for the offense committed and the challenge to this sentence occurred some thirteen (13) months after Appellant was sentenced. As such, the sentence was appropriately granted by the [trial c]ourt and his claim is untimely . . .
>
> The record is clear that [the Chemical Testing Warning and Report of Refusal to Submit a Chemical Testing as Authorized by Section 1547 form, a document forming the basis for Appellant's HIPAA issue,] was not a form that would give rise to HIPAA protections or that would, in any way, be violative of Appellant's rights to privacy. The [PCRA c]ourt's dismissal is wholly supported by the record and the conclusions of law were appropriate.

*Id.* at 13. Counsel concluded that Appellant's "claim of an illegal sentence is untimely and the form in question is not a form protected by HIPAA." *Id.* at 14. The ***Turner***/***Finley*** brief did not address the issue raised in Appellant's *pro se* PCRA petition — whether Appellant was subjected to enhanced sentences for refusing to submit to a blood test without a search warrant in violation of the Fourth Amendment and ***Birchfield***, 136 S. Ct. 2160. ***See*** *Pro se* PCRA Pet., 8/4/16, at 2-3, 5; ***see also*** *Pro se* Statement at 1-2 ¶¶ 4-5.

On May 12, 2017, Appellant, *pro se*, filed an application for appointment of counsel. This Court denied the application on May 30, 2017.

On May 31, 2017, the PCRA court filed an order that its memorandum of December 27, 2016, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

On June 21, 2017, the Commonwealth filed its brief with a one-sentence argument: "Appellant's PCRA petition was properly dismissed for

reasons discussed in Appellant's brief and the [PCRA] court's Order and Memorandum dated December 27, 2016." Commonwealth's Brief at 2.

On June 27, 2017, Appellant filed a *pro se* appellate brief. On November 13, 2017, Appellant, *pro se*, filed in this Court an "Emergency Petition for the 'Writ of Habeas Corpus,'" contending that his sentences are illegal and should be vacated. Emergency Pet. for the "Writ of Habeas Corpus," 11/13/17, at 1-3. On November 30, 2017, the Commonwealth filed a response to the "Emergency Petition."

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super.) (*en banc*), **appeal denied**, 839 A.2d 352 (Pa. 2003); **see also Commonwealth v. Andrews**, 158 A.3d 1260, 1262-63 (Pa. Super. 2017).

### The Appeal Regarding Docket No. 639-06

Pa.R.A.P. 341 requires that separate notices of appeal be filed from cases at different docket numbers. Appellant's notice of appeal stated that it was "from the order entered in this matter on the 27th day of December, 2016[.]" No order was entered at Docket No. 639-06 on December 27, 2016. The PCRA petition at No. 639-06 was dismissed on November 29, 2016, and, although PCRA counsel was served with that order, no notice of appeal was timely filed from that order. Thus, insofar as Appellant's appeal

seeks to raise issues regarding the order dismissing his PCRA petition at Docket No. 639-06, we do not consider it.[6]

**The Appeal Regarding Docket No. 481-15**

*Jurisdiction*

Appellant's *pro se* appeal from the PCRA court's December 27, 2016 order dismissing his petition at Docket No. 481-15 was filed on February 7, 2017. Because an appeal must be filed no later than thirty days after entry of the order from which the appeal is taken, Pa.R.A.P. 903(a), Appellant's appeal is untimely. We decline to dismiss it, however, because it is apparent that there was a breakdown in the PCRA court's operations that resulted in a failure to properly serve Appellant's counsel with notice of the December 27, 2016 order. We therefore deem Appellant's February 7, 2017 appeal to be properly before this Court.

*Petition to Withdraw as Counsel*

Before we review Appellant's claim, we must ascertain whether counsel satisfied the requirements to withdraw. ***Commonwealth v. Freeland***, 106 A.3d 768 (Pa. Super. 2014). The Court in ***Freeland*** explained:

> The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The

---

[6] Appellant, within sixty days of this Court's disposition of the instant PCRA petition, may file another PCRA petition addressing whether PCRA counsel should have filed a notice of appeal for Docket No. 639-06. ***Commonwealth v. Hernandez***, 79 A.2d 649, 651-52 (Pa. Super. 2013); ***see*** 42 Pa.C.S. § 9545(b)(2).

holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and **list each issue the petitioner wishes to have examined, explaining why those issues are meritless.** The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

In [addition,] counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

*Freeland*, 106 A.3d at 774-75 (emphasis added; citations omitted).

Neither the **Turner**/**Finley** "no-merit" letter to Appellant nor the **Turner**/**Finley** Brief to this Court list all of the issues that, according to Appellant's *pro se* PCRA petition, Appellant wishes to have examined; nor do they explain why PCRA counsel believes those issues to be meritless. **See Freeland**, 106 A.3d at 774-75 (the "no-merit" letter must "list each issue the **petitioner wishes to have examined**" (emphasis added)). In particular, Appellant alleged in his PCRA petition that he was subject to enhanced sentences for refusing to submit to a blood test without a search warrant in violation of the Fourth Amendment and **Birchfield**, 136 S. Ct. 2160. *Pro se* PCRA Pet., 8/4/16, at 2-4. This issue is not addressed in PCRA counsel's **Turner**/**Finley** "no-merit" letter or brief.

Appellant also contends that his sentence improperly included a mandatory minimum. **See** *Pro se* PCRA Pet., 8/4/16, at 2 ("[e]rrors

- 10 -

sentencing [within] the para[m]eters"). Although the **Turner**/**Finley** Brief, at 13, states that "[Appellant]'s sentence falls within the standard guidelines for the offense committed" and that "the challenge to this sentence occurred some thirteen (13) months after Appellant was sentenced," **Turner/Finley** Brief at 13, counsel does not otherwise explain why Appellant's mandatory minimum sentence claim does or does not lack merit.

Finally, Appellant alleged that the Commonwealth is in violation of HIPAA. PCRA Pet., 8/4/16, at 2. Although PCRA counsel briefly states that "[t]he record is clear that [the Chemical Testing Warning and Report of Refusal to Submit a Chemical Testing as Authorized by Section 1547 form] was not a form that would give rise to HIPAA protections or that would, in any way, be violative of Appellant's rights to privacy," **Turner**/**Finley** Brief at 13, she does not explain why Appellant's issue lacks merit.[7]

---

[7] On this issue, the PCRA court wrote:

> Turning to the HIPAA issue, we note that the document challenged by [Appellant] is not a document produced or provided by a medical facility. Rather a form identified as a DL-26, "Chemical Testing Warnings and Report Of Refusal To Submit To Chemical Testing . . ." is the document in question which was marked and admitted, without objection, as Commonwealth's Exhibit "A" during the hearing in this matter. There is nothing in the record or on the Exhibit itself which suggests that this is anything other than a document prepared by the arresting Trooper which, *inter alia*, memorializes that the Trooper read the implied consent information to [Appellant] and that [Appellant] refused to submit to a chemical test of his blood. We find nothing in this record nor in the arguments of counsel, which establishes that this is a document protected by HIPAA. Accordingly, we find no merit in this argument.

*(Footnote Continued Next Page)*

Because PCRA counsel's **_Turner_**/**_Finley_** "no-merit" letter and brief failed to comply with the requirements articulated in **_Freeland_**, 106 A.3d at 774-75, we deny counsel's petition to withdraw and order counsel to submit either an advocate's brief or a new **_Turner_**/**_Finley_** brief within thirty days of the date of this memorandum that fully complies with the requirements set forth in **_Freeland_**. The Commonwealth may file a brief within thirty days of service of the brief from Appellant's counsel.[8]

### Appellant's Emergency Petition for "Writ of Habeas Corpus"

Appellant's November 13, 2017 _pro se_ "Emergency Petition for the 'Writ of Habeas Corpus,'" contends that his sentences are illegal and should be vacated. Emergency Pet. for the "Writ of Habeas Corpus," 11/13/17, at 1-3. Because we deny counsel's petition to withdraw and are ordering counsel to file an advocate's brief or a compliant **_Turner_**/**_Finley_** brief, we refer Appellant's _pro se_ petition to counsel for further action. **_See Commonwealth v. Jette_**, 23 A.3d 1032, 1044 (Pa. 2011) (stating, "we reiterate that the proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion" to change counsel).

_(Footnote Continued)_ ─────────────

PCRA Ct. Mem., 12/27/16, at 3.

[8] If the Commonwealth does not intend to file a brief in response, we request that the Commonwealth send a letter to this Court's Prothonotary informing this Court of that decision as soon as possible.

The appeal from the order at Docket No. 639-06 is quashed. With respect to the appeal from the order at Docket No. 481-15, we order the following: counsel's petition to withdraw denied; Appellant's *pro se* petition referred to counsel; Appellant's counsel ordered to file an advocate's brief or a new **Turner**/**Finley** brief within thirty days of the date of this memorandum, after which the Commonwealth may file a brief within thirty days of Appellant's counsel's brief. Jurisdiction retained.